☐ FILED   ☒ LODGED

## Apr 26 2021

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

1 PAUL ANTHONY MARTIN
Acting United States Attorney
2 District of Arizona

3 KEVIN POOLEY
Arizona State Bar No. 032759
4 Special Assistant U.S. Attorney
Email: Kevin.Pooley@usdoj.gov
5 Two Renaissance Square
40 N. Central Ave., Suite 1800
6 Phoenix, Arizona 85004
Telephone: 602-514-7500
7 Attorneys for Plaintiff

8                    IN THE UNITED STATES DISTRICT COURT

9                        FOR THE DISTRICT OF ARIZONA

10

United States of America,                    No. CR-20-00584-PHX-DJH
11
                          Plaintiff,
12                                            **PLEA AGREEMENT**
              vs.
13

14    Andrew Walsh,

15                          Defendant.

16

17          Plaintiff, United States of America, and the defendant, Andrew Walsh, hereby agree

18   to dispose of this matter on the following terms and conditions:

19   **1.    PLEA**

20          The defendant will plead guilty to the Information charging him with Count 1, a

21   violation of Title 21, United States Code §§ 841(a)(1) and (b)(1)(B)(viii), Possession With

22   Intent to Distribute Methamphetamine, a Controlled Substance, a Class B felony offense.

23   **2.    MAXIMUM PENALTIES**

24          (a)    A violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) is punishable

25   by a minimum term of imprisonment of five (5) years, a maximum term of imprisonment

26   of forty (40) years, and a maximum fine of $5,000,000.00, or both, and a term of supervised

27   release of at least four (4) years and up to life.  Each supervised release violation may carry

28

a maximum penalty of three (3) years in prison pursuant to Title 18, United States Code, § 3583(e)(3).

(b)     According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)     make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)     serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)     pay upon conviction a $100.00 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

(c)     The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction, unless there are stipulations to the contrary that the Court accepts.

(d)     The defendant understands and acknowledges that conviction of this offense may result in the defendant and the defendant's immediate family members losing eligibility for certain Welfare, Food Stamp, Social Security and other federal benefits pursuant to 21 U.S.C. §§ 862 and 862a.

**3.     <u>AGREEMENTS REGARDING SENTENCING</u>**

(a)     <u>Stipulation</u>.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C) and the U.S. Sentencing Guidelines § 6B1.4, the parties stipulate that for purposes of determining the sentence in this case, the quantity and quality of methamphetamine that is readily provable as being in the possession and control of the defendant for purposes of distribution will be that which is set forth in a lab quantity/quality analysis for this case, if such report is

- 2 -

received by defense counsel prior to sentencing.  If a report is not received prior to sentencing, the quantity and quality stipulated will be a mixture of methamphetamine in the quantity of 496.9 grams. The defendant understands that if the Court rejects this stipulation, the parties will have the opportunity to withdraw from the plea agreement. Should this case, for any reason, proceed to trial, neither party shall be bound by this stipulation with regard to the amount of drugs attributable to the defendant.

(b)    Stipulation.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant shall be sentenced to a term of imprisonment that is no greater than the high end of the advisory Sentencing Guideline range, as determined by the Court.

(c)    Stipulation.  The defendant stipulates that he shall forfeit $3,357.00 dollars, as more fully set forth in paragraph 8 below.

(d)    Stipulation/Recommendation: Safety Valve. Pursuant to Fed. R. Crim. P. 11(c)(1)(B) and (C), the United States and the defendant stipulate and agree that the defendant shall receive a two-level reduction in the Guidelines offense level if the defendant meets all five criteria required for the defendant's eligibility for the "safety valve" reduction pursuant to the U.S. Sentencing Guidelines §§ 2D1.1(b)(18) and 5C1.2(a). However, if the defendant is ineligible under the U.S. Sentencing Guidelines, but qualifies for the expanded Safety Valve Relief under the First Step Act pursuant to 18 U.S.C. § 3553(f), then the United States will recommend that the defendant receive a two-level downward variance pursuant to 18 U.S.C. § 3553(a). In exchange for the recommendation, the defendant agrees to not seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c) if the U.S. Sentencing Commission amends § 5C1.2 to reflect the safety valve provisions under the First Step Act and makes that amendment retroactive. If the defendant is not eligible for "safety valve" relief under the Guidelines or under the First Step Act, then the parties agree that this particular provision will be void and all other provisions of this plea agreement shall remain in full force and effect.

(e)     <u>Recommendation: Acceptance of Responsibility</u>.  If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G.§ 3E1.1(a).  If the defendant has an offense level of 16 or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

(f)     <u>Recommendation: Average Participant</u>.   Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant both recommend that the defendant be considered an average participant in the offense of conviction.

(g)     <u>Non-Binding Recommendations</u>.   The   defendant   understands   that recommendations are not binding on the Court. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

(h)     <u>Assets and Financial Responsibility.</u>  The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the United States Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall

participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

**4.     AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

(a)     The United States agrees not to prosecute defendant for any other conduct listed in the discovery in this case.

**5.     COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

(a)     If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

(b)     If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated.  In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings.  The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6.     WAIVER OF DEFENSES AND APPEAL RIGHTS**

Providing the defendant's sentence is consistent with this agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing

appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c).  This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel.  This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7.    **DISCLOSURE OF INFORMATION**

(a)    The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

(b)    Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

(c)    The defendant shall cooperate fully with the U.S. Probation Office.  Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)    criminal convictions, history of drug abuse, and mental illness; and

(2)    financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

8.    **FORFEITURE - CRIMINAL, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

(a)    Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall

be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule).  If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

(b)     The defendant agrees to forfeit, and hereby forfeits, all interest in any asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of the offense, or which was used to facilitate the commission of the offense, including the following property:

A sum of money equal to $3,357.00 in United States currency, which amount represents the proceeds that the defendant obtained, directly or indirectly, possessed, owned, and exercised dominion or control.

(c)     The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant further understands and agrees that forfeiture of the assets is appropriate and in accordance with the applicable forfeiture statutes, which may include 8 U.S.C. § 1324(b), 18 U.S.C. §§ 924(d), 981, 982 and 2253, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c).

(d)     Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.  This agreement does not preclude the United States

from instituting any civil or administrative forfeiture proceedings as may be appropriate now or in the future.

(e)     The defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, double jeopardy or any other means) to any forfeiture imposed as a result of this guilty plea or any pending or completed administrative or civil forfeiture actions, including that the forfeiture constitutes an excessive fine or punishment.  The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.  The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and substitute assets for property otherwise subject to forfeiture, and that no other person or entity has a legitimate claim to these items listed.

(f)     The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated.  The defendant further agrees that he will not contest civil, administrative or judicial forfeiture of the listed property. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding.

(g)     The United States reserves its right to proceed against any remaining assets not identified either in this agreement or in any civil actions which are being resolved along with this plea of guilty, including any property in which the defendant has any interest or control, if said assets, real or personal, tangible or intangible were involved in the offense.

(h)     The defendant hereby waives, and agrees to hold the government and its agents and employees harmless from any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above.  Without limitation, the defendant understands and agrees that by virtue of this plea of guilty, the defendant will waive any rights or cause of action that the defendant might otherwise have had to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and

other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

**9.      ELEMENTS**

**Possession with Intent to Distribute Methamphetamine**

On or about August 28, 2020, in the District of Arizona,

1.      Defendant knowingly or intentionally possessed 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine its salts, isomers, and salts of its isomers, a Schedule II controlled substance;

2.      Defendant possessed it with an intent to distribute it to another person.

**10.    FACTUAL BASIS**

The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

**Possession with Intent to Distribute Methamphetamine**

(a)      On August 28, 2020, in the District of Arizona, defendant Andrew Walsh, intentionally possessed approximately 496.9 grams of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, with the intent to distribute it to another person in exchange for monetary payment. The government seized $3,357.00 in United States currency which the defendant gained through and/or intended to use for the distribution of methamphetamine.

Defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and

1   may be filed with the Court under seal; accordingly, additional agreements, if any, may not

2   be in the public record.

3       I further agree that promises, including any predictions as to the Sentencing

4   Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

5   (including my attorney) that are not contained within this written plea agreement, are null

6   and void and have no force and effect.

7       I am satisfied that my defense attorney has represented me in a competent manner.

8       I fully understand the terms and conditions of this plea agreement.  I am not now

9   using or under the influence of any drug, medication, liquor, or other intoxicant or

10  depressant that would impair my ability to fully understand the terms and conditions of this

11  plea agreement.

12

13

14  _____      _____
    Date

15                             ANDREW WALSH
                               Defendant

16

17

18

19  **APPROVAL OF DEFENSE COUNSEL**

20      I have discussed this case and the plea agreement with my client in detail and have

21  advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

22  constitutional and other rights of an accused, the factual basis for and the nature of the

23  offense to which the guilty plea will be entered, possible defenses, and the consequences

24  of the guilty plea including the maximum statutory sentence possible.  I have further

25  discussed the concept of the advisory Sentencing Guidelines with the defendant.  No

26  assurances, promises, or representations have been given to me or to the defendant by the

27  United States or any of its representatives that are not contained in this written agreement.

28

- 11 -

1      I concur in the entry of the plea as indicated above and that the terms and conditions

2 set forth in this agreement are in the best interests of my client. I agree to make a bona fide

3 effort to ensure that the guilty plea is entered in accordance with all the requirements of

4 Fed. R. Crim. P. 11.

5   3/23/21

6 Date                        ZACHARY NATHANIEL STORRS

7                              Attorney for Defendant

8

9 **APPROVAL OF THE UNITED STATES**

10      I have reviewed this matter and the plea agreement. I agree on behalf of the United

11 States that the terms and conditions set forth herein are appropriate and are in the best

12 interests of justice.

13                        PAUL ANTHONY MARTIN

14                        Acting United States Attorney
                        District of Arizona

15                        KEVIN POOLEY

   03/17/2021               (Affiliate)

16 Date                        KEVIN POOLEY

17                        Special Assistant U.S. Attorney

18

19            **ACCEPTANCE BY THE COURT**

20

21

                                  

22 Date                        HONORABLE DIANE J. HUMETEWA

23                        United States District Judge

24

25

26

27

28